# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| NARMADABEN PATEL | § § § | |
| v. | § § | CASE NO. 4:15-CV-427<br>Judge Mazzant |
| WALMART STORES, INC. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant's Motion for Summary Judgment (Dkt. #22) and Defendant's No-Evidence Motion for Summary Judgment (Dkt. #23). After reviewing the relevant pleadings, the Court finds that motions should be denied.

### BACKGROUND

On July 7, 2013, Plaintiff Narmadaben Patel slipped and fell in a puddle of fabric softener while she was visiting Defendant Wal-Mart Stores, Inc. ("Defendant" or "Wal-Mart") location at 6001 N. Central Expressway, Plano, Texas 75023 (the "Premises"), in which she sustained injuries (Dkt. #6 at ¶¶ 8-9; Dkt. #22 at p. 1). Plaintiff contends that, as a result of her fall, she suffered a left patella fracture that has impaired her gait, and caused subsequent injury to her lower back (Dkt. 29 at p. 1).

On July 30, 2015, Plaintiff filed her First Amended Complaint, in which she claimed damages under a premises liability theory (Dkt. #6). On May 3, 2016, Defendant filed its Motion for Summary Judgment (Dkt. #22). On June 8, 2016, Plaintiff filed her response (Dkt. #28). On June 15, 2016, Defendant filed its reply (Dkt. #30).

Also on May 3, 2016, Defendant filed its No-Evidence Motion for Summary Judgment (Dkt. #23). On June 8, 2016, Plaintiff filed her response (Dkt. #29). On June 15, 2016, Defendant filed its reply (Dkt. #30).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson*, 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. No "mere denial of material facts

nor…unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Comput. Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004). Rather, the Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all of the evidence, but must refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Defendant argues that the Court should grant summary judgment for Defendant, as to Plaintiff's premises liability claim for the following reasons: (1) Defendant did not have actual or constructive knowledge of the condition; and (2) there is no evidence that a condition on the premises posed an unreasonable risk of harm. (Dkt. #22 at p. 5; Dkt. #23 at p. 2). Plaintiff asserts that there is evidence that Wal-Mart had constructive knowledge of the puddle of fabric softener on the floor, which caused Plaintiff's fall (Dkt. #28 at p. 3).

Texas substantive law governs this dispute, since the case is pending before the Court under its diversity jurisdiction. *Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 396 (5th Cir. 2013). The elements for a cause of action for premises liability include: (1) the existence of a condition of the premises creating an unreasonable risk of harm; (2) that the premises owners/occupier knew, or should have known, of the existence of that condition; (3) that the premises owner/occupier failed to use reasonable care to reduce or eliminate the risk by rectifying or warning of the condition; and (4) that such failure was a proximate cause of the incident and of Plaintiff's injuries. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). Defendant contends that Plaintiff has no evidence that Wal-Mart had actual or constructive

3

knowledge of the potentially harmful condition (Dkt. #23 at p. 2). Additionally, Defendant contends that Plaintiff has no evidence that fabric softener on the floor was an unreasonably dangerous condition or posed an unreasonable risk of harm (Dkt. #23 at p. 2).

A plaintiff may establish actual or constructive knowledge of a potentially harmful condition in one of three ways: (1) proof that the employees caused the harmful condition; (2) proof that the employees either saw or were told of the harmful condition prior to the plaintiff's injury; or (3) proof that the harmful condition was present for so long that it should have been discovered in the exercise of reasonable care. *Garcia v. Ross Stores, Inc.*, 896 F. Supp. 2d 575, 580 (S.D. Tex. 2012); *see Keetch*, 845 S.W.2d at 264. Plaintiff has no evidence and does not argue that Target employees caused the fabric softener to spill on the floor. Additionally, Plaintiff does not assert that employees either saw or were told of the harmful condition prior to the plaintiff's injury. As there is no credible evidence, and Plaintiff does not seem to assert the contrary, the Court finds that Defendant did not have actual knowledge of the fabric softener spill.

However, Plaintiff asserts that Defendant had constructive knowledge of fabric softener spill (*See* Dkt. #28 at p. 2). To show constructive knowledge, Plaintiff must prove that the condition existed for a sufficient period of time for Defendant to have a reasonable opportunity to discover it. *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 815 (Tex. 2002); *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102-103 (Tex. 2000). In *Reece*, the Texas Supreme Court adopted the "time-notice rule" for determining if a defendant has constructive knowledge of a hazardous condition. 81 S.W.3d at 816. This "'time-notice rule' is based on the premise that temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition." *Id.* What qualifies as a "reasonable opportunity to discover and

4

remedy" turns on the facts and circumstances of the case. *Id.* Therefore, "when determining whether a defendant can be held to have had constructive knowledge of a hazardous condition, the court must consider evidence of (1) proximity, (2) conspicuity, and (3) longevity." *Pena v. Home Depot U.S.A., Inc.*, 32 F. Supp. 3d 792, 798 (S.D. Tex. 2013); *see Reece*, 81 S.W.3d at 815-17; *see also Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006).

In the present case, there is no evidence regarding proximity. The only evidence before the Court is that a Wal-Mart employee inspected the area at approximately 5:35 p.m. (Dkt. #28, Exhibit 3 at 46:17-22; *see* Dkt. #22, Exhibit F). He left the area at approximately 5:42 p.m. (*See* Dkt. #22, Exhibit 4 at 73:22-74:1). It also appears from the testimony that puddle of fabric softener was not conspicuous. In the Plaintiff's deposition, she testified that the liquid "was clear just the same color as the tiles on the floor." (Dkt. #22, Exhibit 3 at 18:6-11). She also testified that she did not see anything on the floor prior to slipping (Dkt. #22, Exhibit 3 at 16:18-20).

Therefore, the Court will turn its analysis to the temporal conditions. The parties do not dispute the timeline of events in the case. The video of the incident shows that a Wal-Mart employee inspected the area at approximately 5:35 p.m. (Dkt. #22, Exhibit 4 at 73:22-74:6; *see* Dkt. #22, Exhibit F). The video further shows a spill of the fabric softener occurred at 5:48 p.m., and that Plaintiff slipped and fell at 6:12 p.m., or twenty-four (24) minutes later (Dkt. #22 at p. 6; Dkt. #28 at p. 2; *see* Dkt. #22, Exhibit F). After reviewing the video and other relevant evidence, the Court finds that, viewing the evidence in a light most favorable to Plaintiff, there is a fact issue as to whether the condition, a fabric softener spill, existed a sufficient period of time for Wal-Mart to have a reasonable opportunity to discovery it. "[T]his is not a situation where there is no evidence from which a jury could infer the approximate length of time" the condition

existed to allow for a reasonable opportunity of discovery. *See Jones v. Valero Energy Corp.*, No. 5:08-CV-193, 2009 WL 3063326 (E.D. Tex. Sept. 21, 2009)[1]. The Court finds a material fact issue exists as to whether Wal-Mart had a reasonable opportunity to discover the condition; and therefore, Defendant's motion for summary judgment should be denied.

Defendant also asserts that there is no evidence that a condition on the premises posed an unreasonable risk of harm (Dkt. #23 at p. 2). Wal-Mart's corporate representative, Paul Kea ("Kea"), testified during his deposition that the fabric softener spill was a dangerous condition (Dkt. #29, Exhibit 1 at 77:7-23). Additionally, the assistant manager of the Premises, Martha Stevens ("Stevens"), testified that the floor was slippery based on her observation (Dkt. #29, Exhibit 2 at 64:17-19). Additionally, she testified that the slippery floor potentially posed a dangerous condition (Dkt. #29, Exhibit 2 at 64:20-22). After reviewing the relevant pleadings, the Court finds that a material fact issue exists as to whether the fabric softener spill was a dangerous condition which posed an unreasonable risk of harm; and therefore, Defendant's motion for summary judgment should be denied.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion for Summary Judgment (Dkt. #22) is hereby **DENIED**.

---

[1] Defendant asserts that "the [Texas Supreme Court] in *Garcia v. Ross Stores, Inc.*, stated 'a dangerous condition that has existed for forty-five minutes or less has been considered to be legally insufficient to show constructive knowledge.'" (Dkt. #22 at p. 6) (citing *Garcia*, 896 F. Supp. 2d at 580-81 (citing *Threlkeld v. Total Petroleum, Inc.*, 211 F.3d 887, 894 (5th Cir. 2000); *Brookshire Food Stores, L.L.C. v. Allen*, 93 S.W.3d 897, 900-01 (Tex. App.—Texarkana 2002, no pet.); *Wal-Mart Stores, Inc. v. Lopez*, 2000 WL 31971, at *2 (Tex. App.—San Antonio, no pet.); *Kimbell, Inc. v. Roberson*, 570 S.W.2d 587, 590 (Tex. Civ. App.—Tyler 1978, no writ))). After reviewing the cases cited by Defendant, the Court finds them to be distinguishable. The cases cited by Defendant were cases in which there was no evidence as to when the spill was created. In the present case, the parties agree that the spill occurred at 5:48 p.m. (*See* Dkt. #22, Exhibit F). Additionally, there is testimony that the last inspection by a Wal-Mart employee occurred at approximately 5:35 p.m. (*See* Dkt. #22, Exhibit 4 at 73:22-74:6). There is also testimony that employees were supposed to inspect "high action areas[,]" like the aisle in which Plaintiff fell, every thirty minutes (Dkt. #22, Exhibit 1 at 54:7-56:12; 89:18-90:8). Therefore, the Court finds that, unlike the finding in *Garcia*, there remains a question of fact as to whether Wal-Mart had a reasonable opportunity to discover the condition.

It is further **ORDERED** that Defendant's No-Evidence Motion for Summary Judgment (Dkt. #23) is hereby **DENIED**.

**SIGNED this 5th day of August, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE